# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | CASE NO. 1:13-CR-85-LJO-BAM-2 |
| Plaintiff-Respondent, | |
| v. | **MEMORANDUM DECISION AND ORDER RE PETITIONER'S § 2255 MOTION** |
| **JOE ANTHONY GOMEZ FELIX,** | |
| Defendant-Petitioner. | ECF No. 200 |

On June 24, 2016[1], Petitioner Joe Anthony Gomez Felix ("Petitioner") filed a *pro se* "Motion to Vacate Set Aside or Correct Sentence Under: 28 U.S.C. § 2255." ECF No. 200. In his motion, Petitioner asserts that *Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016), may impact the length of his sentence. *Id.* Specifically, Petitioner requests that the Court provide him with copies of his court records, allow him 90 days to file a brief in support of his motion, and allow for "the timely recording of his 2255 motion." *Id.* at 4.[2]

On August 26, 2016, the Court issued an order referring Petitioner's motion to the Federal Defender's Office ("FDO"), and setting an initial briefing schedule. ECF No. 203.

---

[1] The petition was filed with the Court on July 21, 2016, but Petitioner dated his motion June 24, 2016.

[2] Petitioner additionally requested that the Court allow him to proceed *pro se.* Because the FDO filed a notice of non-supplementation and requested withdrawal as counsel in this case, Petitioner's request to proceed *pro se* is granted by default.

1

On September 19, 2016, the FDO filed notice that it would not supplement Petitioner's motion and requested withdrawal as counsel in this case. ECF No. 204.

For the following reasons, the Court DENIES Petitioner's request for his court records and sentencing transcript and DENIES his request for 90 days to file a brief in support of his motion.

**BACKGROUND**

On January 16, 2016, Petitioner pled guilty to the single-count Superseding Information, which charged Racketeering Conspiracy, in violation of 18 U.S.C. §§ 1962(d) and 1963(a). ECF Nos. 159 (plea agreement) & 167; Presentence Investigation Report ("PSR") ¶ 1.

Pursuant to sections 3D1.4(a)-(c) and 2E1.1 of the United States Sentencing Guidelines ("USSG" or "Guidelines"), Petitioner's total base offense level was 35. PSR ¶ 45. Application Note 1 to USSG § 2E1.1 instructs that when there is more than one underlying offense for a racketeering charge, each underlying offense is to be treated as if contained in a separate count of conviction. *Id.* ¶ 38. In Petitioner's case, there were three distinct underlying offenses: aggravated assault, conspiracy to commit murder, and conspiracy to distribute methamphetamine. *Id.* ¶ 39. According to the multiple count adjustment rules of USSG § 3D1.4, two levels were added to the highest offense level (33) for the underlying murder conspiracy offense. *Id.* ¶ 45. Four levels were added for Petitioner's leadership role in the offense pursuant to USSG § 3B1.1(a). *Id.* ¶ 48. Petitioner's offense level decreased by three for his acceptance of responsibility pursuant to USSG §§ 3E1.1(a) and (b). *Id.* ¶¶ 42-43. The total offense level was 36. *Id.* ¶ 54. The Guidelines range for a defendant with an offense level of 36 and a criminal history category of IV (based on a criminal history score of 9) is 262 to 327 months. *Id.* at 26. However, in accordance with the provisions of Petitioner's plea agreement, which was pursuant to Federal Rule of Criminal Procedure 11(c), the parties agreed to a 151-month sentence in this case. *Id.*

On May 6, 2016, this Court sentenced Petitioner to a 151-month term of imprisonment. ECF Nos. 189 & 191. Petitioner did not appeal his conviction or sentence.

//

# LEGAL FRAMEWORK

A. **28 U.S.C. § 2255**

Section 2255 provides four grounds upon which a sentencing court may grant relief to a petitioning in-custody defendant:

[1] that the sentence was imposed in violation of the Constitution or laws of the United States; or

[2] that the court was without jurisdiction to impose such sentence; or

[3] that the sentence was in excess of the maximum authorized by law; or

[4] is otherwise subject to collateral attack.

28 U.S.C. § 2255(a). Generally, only a narrow range of claims fall within the scope of § 2255. *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981). The alleged error of law must be "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974).

B. ***Johnson v. United States***

Pursuant to the Armed Career Criminal Act ("ACCA"), a defendant must be sentenced to a mandatory minimum of 15 years to life in custody if he has three prior convictions for "a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as any crime punishable by imprisonment for a term exceeding one year that:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another.*

18 U.S.C. § 924(e)(2)(B) (emphasis added). Courts generally refer to the first clause, § 924(e)(2)(B)(i), as the "elements clause"; the first part of the disjunctive statement in (ii) as the "enumerated offenses clause"; and its second part (starting with "or otherwise") as the "residual clause." *Johnson v. United States*, 135 S. Ct. 2551, 2556-57, 2563 (2015); *United States v. Lee*, 821 F.3d 1124, 1126 (9th Cir. 2016).

3

In *Johnson*, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process," on the basis that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." 135 S. Ct. at 2557, 2563.

**DISCUSSION**

Petitioner has requested that the Court provide him with copies of his court records (including his sentencing transcript and plea agreement) and allow him 90 days to file a brief in support of his motion. ECF No. 200.

As to Petitioner's request for copies of his court records, "[n]othing prevents [Petitioner] from contacting the clerk's office directly to obtain the copies of the documents requested, standard rates applying, or having his [trial] representative obtain access to and copy the documents in the clerk's possession pursuant to 28 U.S.C. § 753(b)." *United States v. Lucatero*, No. 05-cr-443-WBS, 2007 1747007, at *1 (E.D. Cal. June 18, 2007).

To the extent Petitioner requests a free copy of his sentencing transcript, Section 753(f) of Title 28 of the United States Code provides that fees for transcripts in Section 2255 proceedings shall be paid by the United States under the statute if the petitioner "is permitted to sue or appeal in forma pauperis"; and, "if the trial judge … certifies that (1) "the suit or appeal is not frivolous"; and (2) "that the transcript is needed to decide the issue presented by the suit or appeal." *See Britt v. North Carolina*, 404 U.S. 226, 227 (1971) (finding that an indigent prisoner must, as a matter of equal protection, be provided "with a transcript of prior proceedings when that transcript <u>is needed</u> for an effective defense or appeal") (emphasis added). Here, Petitioner has not demonstrated that the transcript is necessary to decide the issues presented in his motion. Petitioner was not sentenced under the ACCA, and to the extent he seeks to use *Johnson* to challenge the computation of his criminal history score or total offense level, he is precluded from doing so by the Supreme Court's decision in *Beckles v. United States*, 137 S. Ct. 886, 894 (2017), which held that the Guidelines are not subject to vagueness challenges "because they merely

4

guide the district court's discretion" and because"[t]he advisory Guidelines … do not implicate the twin concerns underlying vagueness doctrine—providing notice and preventing arbitrary enforcement." *See id.* Because Petitioner has only alleged that he believes that he may be eligible for relief under § 2255 and that he "in good faith believe[s] that *Johnson* has, to some degree, a retroactive effect on his case," Petitioner has not made the requisite showing for a free transcript under 28 U.S.C. § 753(f). *See Sistrunk v. United States*, 992 F.2d 258, 259-60 (10th Cir. 1993) (affirming district court's denial of the petitioner's request for a free transcript where the petition contained only "conclusory allegations" that he was entitled to relief). To be clear, because Petitioner was not sentenced pursuant to the ACCA and is precluded by *Beckles* from challenging the application of the Guidelines in his sentence, *Johnson* has no effect on Petitioner's case, and the transcripts are unnecessary to decide the issues in this motion. Therefore, the Court DENIES Petitioner's request for free copies of his case materials and sentencing transcript pursuant to 28 U.S.C. § 753(f).

Furthermore, the Court notes that Petitioner requested 90 days within which to file a brief in support of his § 2255 motion. ECF No. 200 at 4. Petitioner's request appears to be premised on the assumption that he would receive his court records, as he states that he would "cancel" this motion "if after obtaining his court records, discovers that *Johnson* does not affect his case." *Id.* at 1. However, the Court denied his request for his records on the basis that he is ineligible for relief under *Johnson*. Therefore, the Court DENIES Petitioner's request to file a supplemental brief as moot, but in light of Petitioner's intention to "cancel" his motion if he learns that he is ineligible for relief under *Johnson*, will allow Petitioner the opportunity to withdraw his § 2255 motion. Should Petitioner wish to withdraw his motion, he must do so by no later than **July 6, 2017**.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability may be issued from a final order in a proceeding under Section 2255 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a certificate of appealability, Petitioner "must demonstrate that the issues

5

are debatable among jurists of reason; that a court could resolve the issues in a different manner; or tha the questions are adequate to deserve encouragement to proceed further." *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (internal quotation marks and citations omitted). The Court is also mindful of the "relatively low" threshold for granting a certificate of appealability. *Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2002). Here, because Petitioner is ineligible for relief under *Johnson*, the Court finds there would be no debate among jurists of reasons as to its decision to deny Petitioner his court records and deny him the requested 90 days within which to file a brief. This Court finds that no court would resolve these issues in a different manner, nor do the issues deserve encouragement to proceed further. Accordingly a certificate of appealabilty is DENIED

**CONCLUSION AND ORDERS**

For the foregoing reasons, Petitioner's request for his court records and for a 90-day extension within which to file a brief in support of his § 2255 motion are DENIED. Petitioner's withdrawal of his § 2255 motion must be filed on or before **July 6, 2017.**

The Court also DENIES to Petitioner a certificate of appealability.

IT IS SO ORDERED.

Dated: **June 6, 2017**     /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE