UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JOE ANTHONY GOMEZ FELIX,<br><br>　　　　　Defendant. | Case No.: 1:13-cr-00085 JLT<br><br>ORDER DENYING MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE<br><br>(Doc. 267) |

Mr. Felix moves the Court for an order terminating his supervised release early after having completed approximately 26 months of his 60-month term of supervised release. Both the government and the U.S. Probation Office oppose the motion. For the reasons set forth below, the motion is **DENIED**.

**I.  Background**

Mr. Felix plead guilty in 2016 to one count of conspiracy to commit racketeering, according to 18 U.S.C. § 1962(d). (Doc. 270 at 2) Mr. Felix was a high-level member of the Nuestra Familia criminal enterprise.  (Doc. 164 at 6-8) He managed a "regiment" of gang members and ordered the commission of crimes including attempted murders, robberies, drug dealing and other acts of violence including aggravated assaults. *Id*. at 8, 10, 11; Doc. 159 at 7-9; Doc. 182 at 7-9.

1    By the time of his sentencing, Mr. Felix had an extensive criminal history including
2    convictions involving violence, narcotics offenses, firearm offenses and probation violations.
3    (Doc. 182 at 12-19) He was also on active federal supervision and was charged with violating the
4    term of his supervised release based upon the conduct in this case. (*Id*. at 17-18)

5    When he was sentenced, the Court imposed a prison sentence of 151 months and nine
6    months on each of the six charges of the violation petition to be run concurrently to each other but
7    consecutive to the sentence in this case. (Doc. 232 at 18-20, 23-24) The Court also imposed a
8    term of 60 months of supervised release to follow. (*Id*. at 19-20)

9    Mr. Felix argues that he held a job while in prison and spent time in "Evidence Based
10   Recidivism Reducing Classes and other Productive Activities" and has done well on supervised
11   release. (Doc. 267 at 6) His children have grown into productive adults. *Id.* He is employed. *Id*.
12   Terminating supervision would allow hm to "go back to CDL training and releasing him from
13   supervision would allow him the freedom to drive over the road for DHL which would amount to
14   a substantial increase in pay to support his family." *Id*. at 6-7.

15   **II.  Analysis**

16   The Court acknowledges its discretion to terminate supervision early in this case.  In
17   considering the motion, first, the Court notes that the underlying offense was quite serious and
18   dangerous. Mr. Felix was involved in significant acts of violence and criminal activity, including
19   drug trafficking. It is particularly disturbing that despite being on supervised release related to
20   charges involving similar conduct to that in this case (Doc. 27 at 8-9) and, seemingly, doing well,
21   he continued to be involved in the criminal underworld.

22   Second, Mr. Felix argues that termination of supervision will allow him to become a long-
23   haul truck driver, which will result in higher pay. However, he does not explain why this goal
24   cannot be achieved with the confines of supervision. Third, Mr. Felix argues that he worked a job
25   while in prison and completed training courses. While admirable, he does not explain how this
26   bears on the issues raised in his motion.

27   Finally, the Court appreciates that Mr. Felix has made strides in reentering society and
28   establishing positive family support. He acknowledges that mere compliance with terms of

supervision is generally not enough to justify termination of supervision. Though his compliance is notable, it is the minimum that the Court expected.

Even still, it is concerning that Mr. Felix was on supervision previously for more than a year during which the probation officer did not detect violations of the law despite that he was heavily involved in the criminal conduct giving rise to this case. Mr. Felix's ability to evade detection of his criminal activity cautions against early termination of supervision in this case. It gives the Court no pleasure to point this out but based upon the facts giving rise to his conviction, the Court does not find that Mr. Felix has demonstrated that the Court can safely terminate supervision at this time.

For these reasons, and after considering the §3583(e)(1) factors, the motion for early termination of supervised release is **DENIED**.

IT IS SO ORDERED.

Dated: __December 18, 2025__                               *Jennifer L. Thurston*
                                                     UNITED STATES DISTRICT JUDGE